IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOHN E. BANKS JR. and MARCELLA F. BANKS,** § § § | | |
| *Plaintiffs*, § § | | |
| v. § § | **CIVIL ACTION NO. 5:20-CV-70** | |
| **U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR MASTR ASSET-BACKED SECURITIES TRUST 2007-HE1 MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-HE1,** § § § § § § § | | |
| *Defendant*. § | | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1332, and 1446, Defendant U.S. Bank National Association, as Trustee for MASTR Asset-Backed Securities Trust 2007-HE1 Mortgage Pass-Through Certificates Series 2007-HE1 ("U.S. Bank") files this *Notice of Removal* of this action to the United States District Court for the Western District of Texas, San Antonio Division.

## BACKGROUND

On December 23, 2019, Plaintiffs John E. Banks Jr. and Marcella F. Banks filed their *Original Petition for Declaratory Judgment and Damages Regarding Foreclosure* ("Original Petition"), under Cause No. 2019-CI-25911, in the 224th Judicial District Court, Bexar County, Texas ("State Court Action").[1] Plaintiffs allege they are not subject to a lien created under a loan agreement. They seek declaratory relief to prevent Defendant from foreclosing on real property located at 412 Ridgemont Ave., San Antonio, Texas 78209 ("Property") and money damages.[2]

---

[1] *See Orig. Pet.*, Ex. A-1.

[2] *See id.* generally.

Upon information and belief, Defendant has not been served with process of the State Court Action, so this Notice of Removal is timely. But even Defendant were served with process on the date the Citation for service of process was issued, December 26, 2019, this notice is still timely because is made within 30 days from the date of the original filing or service of process.[3]

Bexar County and its District Court lie within the San Antonio Division of the United States District Court for the Western District of Texas, so removal to this Court is proper.[4]

Under 28 U.S.C. § 1332 this Court has original jurisdiction over this civil action. It is removable pursuant to 28 U.S.C. §§ 1441(b), 1446, and 1332, as there is complete diversity of citizenship between Plaintiffs and Defendant, and the requisite amount in controversy is met.

## DIVERSITY OF THE PARTIES

There is complete diversity among the proper parties to this action.

Plaintiffs are natural persons who lives in Bexar County, Texas, and intends to remain there.[5] Accordingly, Plaintiff is a citizen of the State of Texas.[6]

Defendant U.S. Bank is a national banking association and trustee of a mortgage-securitization trust. When a trustee is the real party in interest to the suit, its citizenship controls for purposes of diversity jurisdiction.[7] A trustee that possesses the "customary powers to hold, manage, and dispose of assets" is the real party in interest.[8] That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name, the trustee's citizenship is "all that matters for diversity purposes."[9] A national banking association

---

[3] *See* 28 U.S.C. § 1446(b).

[4] *See* 28 U.S.C. § 124.

[5] *See Orig. Pet.* § III.

[6] *See Acridge v. Evangelical Lutheran Good Samaritan Soc'y*, 334 F.3d 444, 449 (5th Cir. 2003) (internal citations omitted).

[7] *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464–66 (1980).

[8] *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 356–57 (5th Cir. 2017) (quoting *Navarro* at 464).

[9] *Id.* at 358–59 (quoting *Americold Realty Trust v. ConAgra Foods Inc.*, 577 U.S. ___, 136 S.Ct. 1012, 1016 (2016)).

is considered a citizen of the state in which it is located, as determined by the state of its main office in the articles of association.[10] With its main office in Ohio as designated in its articles of association, Defendant is a citizen of Minnesota.

Accordingly, because Plaintiffs are citizens of Texas and Defendant is a citizen of Ohio, complete diversity of citizenship exists and removal is proper.

## AMOUNT IN CONTROVERSY

The requisite amount in controversy to permit removal is satisfied.

The amount in controversy exceeds $75,000.00 exclusive of interest and costs. Plaintiffs, among other things, seeks declaratory and injunctive relief to stop foreclosure of the Property.[11] When such relief is sought, the amount in controversy is measured by the value of the object of the litigation.[12] When the "object of the mortgagor's litigation [is] the protection of his entire property," the fair market value of the property is the proper measure of the amount in controversy.[13] According to the Bexar County Appraisal District the Property at issue has a 2019 tax appraisal value of $532,000.[14] Therefore, based on the value of the relief sought by Plaintiffs in the Original Petition, the amount in controversy exceeds $75,000.00.[15]

## VENUE IS PROPER IN THIS COURT

Venue in this Court is proper under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the

---

[10] *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006) (citing 28 U.S.C. § 1348).

[11] *Orig. Pet.* 10–13, 16, & generally.

[12] *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013)

[13] *Id.*

[14] *See* Exhibit A-4, Bexar County Appraisal District – 2019 Valuation. It is appropriate for the court to take judicial notice of the Dallas County Tax Appraisal because it is of public record and the information it provides is readily ascertainable and the source—the Bexar County Tax Appraisal District—cannot reasonably be questioned. *See Funk v. Stryker*, 631 F.3d 777, 783 (5th Cir. 2011).

[15] *See* 28 U.S.C. 1332(a).

place where the state court action is pending. This Court embraces Bexar County, Texas, which is where the state court action was filed and is pending.

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED

Pursuant to 28 U.S.C. §1446(a), true and correct copies of all process, pleadings, orders, and docket sheets from the state court file of the Action are being filed with this Notice of Removal.[16] Defendant is filing with the clerk of the state district court in which this action is pending, and are serving upon Plaintiff, a Notice of Filing of Notice of Removal, together with Notice of Removal pursuant to 28 U.S.C. §1446(d).

## JURY DEMAND

Plaintiffs have not made a jury demand in this case.

## REMOVAL IS PROPER TO THIS COURT

Defendant has met the requirements for removal of this Action to this Court under 28 U.S.C. §§ 1331, 1441, and 1446. This Notice of Removal is filed subject to and without waiver of all rights and defenses of Defendant to Plaintiff's claims herein. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendant respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

---

[16] *See* Exhibits A-1 through A-6.

**WHEREFORE**, Defendant U.S. Bank has met the requirements for removal of this action and respectfully requests that the United States District Court for the Western District of Texas, San Antonio Division, accept this Notice of Removal and assume jurisdiction of this cause. No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, motions and pleas are expressly reserved.

Dated:  August 17, 2019

Respectfully submitted,

*/s/   Barry A. McCain*
Adam Nunnallee
Texas State Bar No. 24057453
anunnallee@dykema.com
Barry A. McCain
State Bar No. 24092787
bmccain@dykema.com
**DYKEMA GOSSETT PLLC**
1717 Main Street, Suite 4200
Dallas, Texas  75201
Ph: (214) 462-6400
Fax: (214) 462-6401

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on the 17th day of January 2020, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, and served it on the following other parties of record by mail and otherwise in accordance with FRCP:

*Via ECF – dcunningham@7750law.com*
David L. Cunningham
HAYDEN & CUNNINGHAM PLLC
7750 Broadway
San Antonio, Texas 78209
Tel: 210-826-7750
Fax: 210-822-0916
*Counsel for Plaintiff*

*/s/  Barry A. McCain*
Barry A. McCain